On motion to dismiss appeal.    Appeal dismissed November 10, 1925.

## A. G. DILLING *v.* PORTLAND STEVEDORING COMPANY.

(240 Pac. 890.)

Costs—Appeal Held Taken for Delay Only, and Judgment Affirmed With Ten Per Cent Damages.

Appeal by defendants, filing no bill of exceptions, nor any abstract or other matter necessary to bring case to Supreme Court, after serving notice of and undertaking on appeal nearly four months before decision on motion to dismiss appeal, *held* taken

merely for delay, so as to require that judgment be affirmed, with 10 per cent damages for delay.

Appeal and Error, 4 C. J., p. 1125, n. 80.
Costs, 15 C. J., p. 281, n. 9.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Messrs. Lord & Moulton.*

*Contra, Mr. F. C. McDougal.*

McBRIDE, C. J.—This is a motion to affirm judgment with costs. It appears that an action at law was regularly begun by the plaintiff by filing a complaint and that the defendant appeared, filed his answer, but no demurrer or other dilatory pleading; that the issue of fact was tried and the verdict and judgment against the defendant was entered on the third day of June, 1925, in favor of the plaintiff, but no order was taken providing or extending the time within which to file a bill of exceptions, and no bill of exceptions has ever been filed; and that the defendant on the twentieth day of July, 1925, served its notice of appeal together with an undertaking on appeal since which nothing has been done in this court in the way of filing an abstract or other matter necessary to bring this case to trial before this court.

The plaintiff comes into court and presents a formal transcript in connection with the motion to dismiss the appeal and affirm the judgment of the court below. The record discloses no appealable question here, nor has the defendant, by any matter filed in this court, indicated that it has any

appealable question to present here, and has long been in default for want of a transcript. It is very evident that this appeal has been taken merely for the purpose of delay, and not in good faith or for the presentation of any meritorious question.

It is therefore ordered that the defendant's appeal here be treated as an abandoned appeal and taken, in the first instance, for the mere purpose of delay, and that the judgment of the court below be affirmed together with the addition of 10 · per cent on said judgment as damages for delay.

APPEAL DISMISSED AND JUDGMENT AFFIRMED.